IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

GEORGE EVERETT MCPHERSON,
    Plaintiff,

v.                                                    Civil No. 3:21cv41 (DJN)

BARRY ZWEIG, *et. al.*,
    Defendants.

## MEMORANDUM OPINION

George Everett McPherson ("Plaintiff"), a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. ("Compl." (ECF No. 1.)) This matter comes before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. As discussed below, Plaintiff's claims and the action will be dismissed for failure to state a claim and as legally frivolous.

### I.     PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines that the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A (setting forth grounds for dismissal). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard borrows the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, the Court takes a plaintiff's well-pleaded allegations as true and views the complaint in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the

2

elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring) (indicating an unwillingness to "require[e] district courts to assume the role of advocate for a *pro se* plaintiff" by addressing unraised issues); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (noting that the principles requiring generous construction of *pro se* complaints "does not require those courts to conjure up questions never squarely presented to them").

## II. ALLEGATIONS AND CLAIMS

In his Complaint, Plaintiff names as Defendants: Barry Zweig, a Deputy Commonwealth's Attorney in Prince William County, Virginia; Jacqueline C. Smith, the Clerk of the Circuit Court of Prince William County; and Thomas Scartz, a public defender in Prince William County. (Compl. at 1–2.)[1] Plaintiff alleges the following:

> I was paroled from the Maryland Dept. of Corrections to Henrico County Jail on 12/23/2017. I had several charges in Prince William County, Henrico County, Fauquier County, and Spotsylvania County. In Jan. 2018, I was transported to Prince William County for an arraignment on case number CR18001114 and CR18001116. At this hearing, Mr. Thomas Scartz was appointed to defend me by [the] Prince William County District Court. After this hearing, I was returned to Henrico County Jail. In early April 2018, I was again transported back to Prince William County Court for a preliminary hearing. At this hearing, Mr. Scartz advised me of a plea offer. I was asked to waive my preliminary hearing.

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, spelling, spacing, and punctuation in the quotations from the Complaint. The Court omits any paragraph numbering, miscellaneous headers, and emphasis in its recitation of the Complaint.

> I agreed and signed waiving my preliminary hearing. Mr. Scartz advised me that he would contact me as to my next court appearance. I was then returned to Henrico County Jail. I was then indicted on CR18001114 and CR18001116 on May 7, 2018. I have not heard again from Mr. Scartz since our conversation after my preliminary hearing appearance.
>
> After not hearing from Mr. Scartz for over 6 months, on Oct. 27, 2018, I wrote letters to [the] Prince William County Clerk of Court, [the] Commonwealth's Attorney's Office, and Mr. Thomas Scartz seeking the status of my cases. In Nov. 2018, I received a reply from the Clerk of Court. In this reply was a copy of a motion Mr. Scartz had entered into Court on June 21, 2018. Also, there was a copy of a capias issued on June 21, 2018 by [the] Honorable Judge Smith. The motion that Mr. Scartz entered was an attempt to have himself removed from representing me because of an intended sabbatical. He led the court in his motion to believe he did not have any knowledge of my whereabouts. He led the court to believe that he sent letters to my last known address informing me of what would happen if I did not show up to the court date June 21, 2018. When, in fact, the whole time, I was sitting in Henrico County, waiting on contact from Mr. Scartz. Prince William had a detainer ledged against me. By Oct. 2018, I had been sentenced by all of the jurisdictions in Virginia that had pending charges against me, except Prince William County. In order to calculate all of my sentences, the Dept. of Corrections for Virginia needed the final jurisdiction's sentence. That was Prince William. The motion that Mr. Scartz entered seeking his removal from representing me was denied by Judge Smith. Mr. Scartz went on his sabbatical anyway.
>
> Even after contacting the courts in Oct. 2018, and with Prince William County replying to my letter to the Clerk of Court, I was still not contacted by Prince William County authorities until May 2019. I was transported from Henrico County Jail to Prince William County for a court appearance on May 24, 2019 to answer the capias issued by Judge Smith back on June 21, 2018. At this hearing, the Honorable Judge Smith inquired about my attorney['s] whereabouts. The Commonwealth Attorney informed him that Mr. Scartz was supposed to be representing me, but he was no longer in Prince William County. That he was presently in South America. I was then appointed Chester Banks to represent me and on May 31, 2019, Mr. Banks argued that I was sitting in Henrico County Jail on a detainer lodged by Prince William County at the time this capias was issued. After the capias hearing, I was again returned to Henrico County Jail and remained there until July 2019. I was transported back to Prince William County to sign my plea agreement and returned back to Henrico County Jail. Finally, on July 25, 2019, I was permanently transferred to the custody of Prince William County. I was finally sentenced on CR18001114 and CR18001116 on Oct. 3, 2019.

(*Id.*, at 5–7.) Plaintiff contends that, based the above conduct, the Defendants violated his constitutional rights by failing to communicate with him, failing to communicate his whereabouts to the court and by delaying the adjudication of his case. (*Id.* at 8–12.)

4

## III. ANALYSIS

The Court need not engage in an extended discussion of Plaintiff's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))).

### A. Prosecutorial Immunity

Prosecutorial immunity bars Plaintiff's claims against Defendant Zweig. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (holding that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983"). Prosecutorial immunity extends to actions taken while performing "the traditional functions of an advocate," *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (citations omitted), as well as functions that are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. To ascertain whether a specific action falls within the ambit of protected conduct, courts employ a functional approach, distinguishing acts of advocacy from administrative duties and investigative tasks unrelated "to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (citation omitted); *Carter v. Burch*, 34 F.3d 257, 261–63 (4th Cir. 1994). Absolute immunity protects those "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and those which occur in the course of his role as an advocate for the State." *Buckley*, 509 U.S. at 273.

Plaintiff fails to plead facts plausibly suggesting that Defendant Zweig took his purported actions outside of his role as an advocate for the state in the criminal prosecution. *See Imbler*, 424 U.S. at 430 (holding that prosecutorial immunity extends to prosecutor's actions "in

5

initiating a prosecution and in presenting the State's case"); *Carter*, 34 F.3d at 263 (explaining that "although the trial had been completed, [the prosecutor's] functions in representing the State in . . . post-conviction motions . . . very much implicated the judicial process . . ."). Thus, prosecutorial immunity shields Defendant Zweig from liability under § 1983. Accordingly, Plaintiff's claims against Defendant Zweig will be dismissed for failure to state a claim upon which relief can be granted, and as legally frivolous.[2]

### B. Quasi-Judicial Immunity

The same judicial immunity that protects judges from suit also applies to quasi–judicial officers acting pursuant to court directives. *See Butler v. Johnson*, 2007 WL 4376135, at *3 (E.D. Va. Dec. 12, 2007) (discussing how immunity applies to judicial and quasi-judicial officers, including clerks (citing *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969))). "[Q]uasi–judicial" immunity shields court officers from the "danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts." *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992) (quoting *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989)); *see McCray v. Maryland*, 456 F.2d 1, 5 n.11 (4th Cir. 1972) (holding that clerks have "derivative immunity" when they act under the direction of the court). Clerks enjoy quasi–judicial immunity when they perform "judicial act[s] . . . having an integral relationship with the judicial process." *Wymore v. Green*, 245 F. App'x 780, 783 (10th Cir. 2007) (alteration in original) (citation omitted) (internal quotation marks omitted). Plaintiff fails to allege that Defendant Smith's actions fall outside of

---

[2] To the extent that Plaintiff alleges that Defendant Zweig should have contacted him directly regarding his criminal case, the Court notes that doing so arguably could have put Defendant Zweig in violation of his ethical obligations, and could have subjected him to disciplinary action by the Virginia State Bar. *See* Virginia Rule of Professional Conduct 4.2 (stating that an attorney may not communicate with a person represented by another attorney, unless he or she has the consent of that attorney or is otherwise authorized by law to do so).

6

her judicially mandated duties as clerk. Thus, she is immune from suit. *See, e.g., id.* (finding clerk entitled to quasi-judicial immunity when refusing to file inmate's court documents); *Hutcherson v. Priest*, 2010 WL 723629, at *3 (W.D. Va. Feb. 26, 2010); *Butler*, 2007 WL 4376135, at *3. Accordingly, Plaintiff's claims against Defendant Smith will be DISMISSED as legally frivolous.[3]

### C. A Public Defender is Not a Person Amenable to Suit Under § 1983

Plaintiff also faults his former defense attorney, Defendant Scartz, who represented him in his criminal proceedings in Prince William County, for not making the Court aware of his whereabouts. However, private attorneys and public defenders do not act under color of state or federal authority when they represent defendants in criminal proceedings. *See, e.g., Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (holding that private attorneys do not act under color of state or federal law when representing clients). Therefore, Defendant Scartz is not a person amenable to suit in § 1983. Accordingly, Plaintiff's claims against Defendant Scartz will be DISMISSED as legally frivolous.

---

[3] To the extent that Plaintiff alleges that he was harmed by Defendant Zweig's or Defendant Smith's negligence, such claims are simply not cognizable in the context of a § 1983 action. *See Daniels v. Williams*, 474 U.S. 327, 333 (1986) (citation omitted) ("Where a government official's act causing injury . . . is merely negligent, 'no procedure for compensation is *constitutionally* required.'"); *see also Pink v. Lester*, 52 F.3d 72, 75 (4th Cir. 1995) (observing that "negligent deprivations of life, liberty or property are not actionable under 42 U.S.C. § 1983"). Accordingly, Plaintiff's claims against Defendants Zweig and Smith would be dismissed in any event, even if immunity did not otherwise shield Defendants Zweig and Smith from suit in this instance.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's claims will be DISMISSED for failure to state a claim and as legally frivolous. The action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

Let the Clerk file a copy of this Memorandum Opinion electronically and send a copy to Plaintiff.

An appropriate Order shall issue.

                                                                 /s/
                                                  David J. Novak
                                                  United States District Judge

Richmond, Virginia
Dated: January 27, 2022